DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOT T. GOLDMAN,

            Plaintiff,

-v-

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

            Defendant.

Case No. 13-CV-3291 (KMK)

ORDER ADOPTING REPORT AND RECOMMENDATION

KENNETH M. KARAS, District Judge:

On February 22, 2016, Magistrate Judge McCarthy entered a Report & Recommendation ("R&R") recommending that this Court grant in part and deny in part Plaintiff's Motion for Judgment on the Pleadings, and deny Defendant's Cross-Motion for Judgment on the Pleadings. (R&R 26 (Dkt. No. 18).) Judge McCarthy further recommends remanding the matter for further consideration by the Commissioner. (*Id.*) In the R&R, Judge McCarthy provides notice that objections to the R&R were due within 14 days, and that failure to object would preclude later appellate review of any order of judgment that will be entered. (*Id.* at 26–27.) No objections have been filed by either Party.

Because no objections have been filed, the Court reviews the R&R "only for clear error on the face of the record." *See Brennan v. Colvin*, No. 13-CV-6338, 2015 WL 1402204, at *1 (S.D.N.Y. Mar. 25, 2015) (internal quotation marks omitted); *see also Iannolo v. Astrue*, No. 10-CV-7602, 2012 WL 523619, at *1 (S.D.N.Y. Feb. 16, 2012) (same). Having reviewed the R&R for clear error, the Court adopts the R&R, with the following modification.

Plaintiff challenges the ALJ's conclusion that Plaintiff is capable of performing his past relevant work as a clerk at Dunkin' Donuts on the ground that the requirements of the past work

were not sufficiently developed by the ALJ. (*See* Pl.'s Mem. of Law in Supp. of a Mot. for Judgment on the Administrative Record and Pleadings 6–9 (Dkt. No. 12).) The Court agrees that the ALJ's inquiry into Plaintiff's past relevant work was inadequate.

"[I]n order to determine at step four whether a claimant is able to perform [his] past work, the ALJ must make a specific and substantial inquiry into the relevant physical and mental demands associated with the claimant's past work, and compare these demands to the claimant's residual capabilities." *Kerulo v. Apfel*, No. 98-CV-7315, 1999 WL 813350, at *8 (S.D.N.Y. Oct. 7, 1999) (collecting cases); *see also Bradley v. Comm'r of Soc. Sec.*, No. 12-CV-7300, 2015 WL 1069307, at *7 (S.D.N.Y. Mar. 11, 2015) (same). "'Adequate documentation' [of past relevant work] will include 'information about those work demands which have a bearing on the medically established limitations.'" *Nieves v. Astrue*, No. 08-CV-311, 2009 WL 2601237, at *5 (N.D.N.Y. Aug. 20, 2009) (quoting SSR 82-62, 1982 WL 31386 (Jan. 1, 1982)); *see also Gittens v. Astrue*, No. 12-CV-3224, 2013 WL 4535213, at *10 (S.D.N.Y. Aug. 26, 2013) (same).

The ALJ concluded that "[t]he exertional and non-exertional requirements of [Plaintiff's] past relevant work as a clerk in a doughnut store do not exceed his retained residual functional capacity." (*See* Administrative Record ("A.R.") 20 (Dkt. No. 7).) He further explained that "comparing the claimant's residual functional capacity with the physical and mental demands of this work, . . . [Plaintiff] is able to perform [the work] as actually performed." (*Id.*) The ALJ supports these conclusions by stating that, while employed at Dunkin' Donuts, Plaintiff "was not required to lift or carry anything heavier than a cup of coffee." (*See id.*) Judge McCarthy's R&R supplements the ALJ's description of Plaintiff's previous job, explaining that the record related to Plaintiff's job at Dunkin' Donuts includes a work history report that states that he was required to stand for eight hours and sit for thirty minutes each day, as well as Plaintiff's

2

testimony that (1) the heaviest thing he had to lift at the job was a cup of coffee, (2) he had to stand his entire shift, and (3) he left the job because he "couldn't stand anymore." (R&R 25 (citing A.R. 57, 264–271).)[1]

The Court finds remand on the issue of Plaintiff's past relevant work to be necessary because, although the ALJ makes passing reference to the "non-exertional requirements" and "mental demands" of the Dunkin' Donuts job, the ALJ appears to have made no such inquiry into the non-physical demands of Plaintiff's previous job. As noted above, the ALJ should consider "information about those work demands which have *a bearing on the medically established limitations.*" *Nieves*, 2009 WL 2601237, at *5 (emphasis added) (internal quotation marks omitted). Given that Plaintiff's impairments included non-physical ones such as memory/attention issues and depression, (*see, e.g.*, A.R. 12 (concluding that Plaintiff's "severe impairments" include depression and traumatic brain injury); A.R. 18 (discussing Plaintiff's "difficulties in attention, memory[,] and executive processes")), the ALJ should have inquired into the mental demands of Plaintiff's past work. *See Nieves*, 2009 WL 2601237, at *6 ("[The] [p]laintiff's alleged mental limitations and the lack of evidence in the documentary record should have prompted the ALJ to inquire into the mental demands of [the] [p]laintiff's past work."); *Steficek v. Barnhart*, 462 F. Supp. 2d 415, 421 (W.D.N.Y. 2006) (rejecting ALJ's findings with respect to the plaintiff's past relevant work because the ALJ "made no findings as to the mental demands of such work, despite his *own* finding . . . that [the] plaintiff suffers from anxiety disorder, dysthymia (a form of depression), and a personality disorder"); *see also Abbott v.*

---

[1] The Court notes that, while Plaintiff's testimony was that the heaviest object he had to lift was a cup of coffee, the work history report states that the heaviest weight he lifted was ten pounds, and that he lifted that weight frequently. (*See* A.R. 266.)

3

*Colvin*, 596 F. App'x 21, 23–24 (2d Cir. 2015) (remanding case where the ALJ "note[d] briefly that [the plaintiff's] nonexertional limitations would not preclude her past work as a teacher, [but] the opinion lack[ed] any analysis on this point").[2] Accordingly, the Court concludes that the ALJ failed to make the necessary "specific and substantial inquiry" into Plaintiff's past work that is required at step four. On remand, the ALJ must inquire as to the non-exertional requirements and demands of Plaintiff's previous work and adjust his finding as to step 4 as necessary.

Finally, the Court provides an additional instruction to Judge McCarthy's command that the ALJ "must review the assessment of Dr. Dunkelman to determine whether Plaintiff is capable of performing" his past job at Dunkin' Donuts in light of his spinal injury. (R&R 25–26.) As it currently stands, the ALJ concluded that Plaintiff "has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a)," because "[h]e can sit for up to 8 hours, *stand and[/]or walk up to 6 hours*, and can lift and carry at least [five] lbs." (A.R. 14 (emphasis added).) However, the record evidence indicated that Plaintiff's past job at Dunkin' Donuts required him to stand throughout the entire work day, for a total of eight hours. (*See* A.R. 57; A.R. 266.) The ALJ's decision does not explain the inconsistency between the conclusion that Plaintiff can stand up to six hours in a day, and the conclusion that he can perform a job that required him to "st[and] the entire time," (A.R. 57), for a total of eight hours in a day. Thus, not only should the ALJ "clarify and potentially supplement the record regarding

---

[2] "Although 'the claimant has the general burden of proving that he or she has a disability within the meaning of the Act,' nevertheless, 'because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record.'" *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 342–43 (E.D.N.Y. 2010) (alteration omitted) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).

Dr. Dunkelman's impression of Plaintiff's spinal injury and its effect on his ability to work," (R&R 22), but if the ALJ reaches the same conclusion with respect to Plaintiff's ability to stand, the ALJ should reconcile the above-described inconsistency.

Accordingly, the R&R is adopted as modified. Plaintiff's Motion is granted in part and denied in part and Defendant's Motion is denied. The case is remanded for further administrative proceedings in accordance with this decision.

DATED:   White Plains, New York
              June 22, 2016

                                            KENNETH M. KARAS
                                            UNITED STATES DISTRICT JUDGE